No. 19-1184

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

Nichole L. Richards,
Plaintiff-Appellant,

v.

PAR, Inc., et al.
Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Indiana
No. 1:17-cv-00409-TWP-MPB
The Honorable Judge Tanya Walton Pratt

## **APPELLANT'S BRIEF AND REQUIRED SHORT APPENDIX**

Robert E. Duff
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
(800) 817-0461

Adina H. Rosenbaum
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Counsel for Plaintiff-Appellant

June 24, 2019

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 19-1184

Short Caption: Nichole L. Richards v. Par, Inc., et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

    **[ ]    PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

    Nichole L. Richards

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Public Citizen Litigation Group

    Indiana Consumer Law Group/The Law Office of Robert E. Duff

(3)  If the party or amicus is a corporation:

    i)  Identify all its parent corporations, if any; and

      N/A

    ii)  list any publicly held company that owns 10% or more of the party's or amicus' stock:

      N/A

Attorney's Signature: s/ Adina H. Rosenbaum    Date: 6/24/19

Attorney's Printed Name: Adina H. Rosenbaum

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes** X  **No** _____

Address: Public Citizen Litigation Group, 1600 20th St. NW, Washington, DC 20009

Phone Number: (202) 588-1000    Fax Number: (202) 588-7795

E-Mail Address: arosenbaum@citizen.org

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 19-1184

Short Caption: Nichole L. Richards v. Par, Inc., et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

**[ ]     PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH  INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

Nichole L. Richards

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including  proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Public Citizen Litigation Group

Indiana Consumer Law Group/The Law Office of Robert E. Duff

(3)  If the party or amicus is a corporation:

i)  Identify all its parent corporations, if any; and

N/A

ii)  list any publicly held company that owns 10% or more of the party's or amicus' stock:

N/A

Attorney's Signature:  s/  Robert E. Duff          Date: 6/24/19

Attorney's Printed Name:  Robert E. Duff

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).     **Yes** _____     **No** ☒

Address:  Indiana Consumer Law Group/The Law Office of Robert E. Duff, P.O. Box 7251, Fishers, IN 46037

Phone Number:  800-817-0461          Fax Number:  800-817-0461

E-Mail Address:  robert@robertdufflaw.com

rev. 01/15 GA

# TABLE OF CONTENTS

DISCLOSURE STATEMENTS..................................................i

TABLE OF AUTHORITIES ...................................................v

STATEMENT IN SUPPORT OF ORAL ARGUMENT ...........................1

STATEMENT OF JURISDICTION.........................................1

STATEMENT OF THE ISSUES...........................................2

STATEMENT OF THE CASE AND FACTS ...............................3

    A. Statutory Background.......................................3

    B. Factual Background ........................................5

    C. Procedural Background......................................7

SUMMARY OF ARGUMENT ...............................................10

STANDARD OF REVIEW....................................................11

ARGUMENT .....................................................................12

    I.   State Law Informs Whether Debt Collectors Have a Present
        Right to Possession of Property Under the FDCPA....................12

    II.  Lawrence Towing Violated the FDCPA by Taking
        Possession of Ms. Richards's Vehicle Without a Present
        Right to Possess It.......................................26

    III. The Dismissal of the State-Law Claims Should Be Reversed. ...28

CONCLUSION .................................................................29

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(B)

CERTIFICATE OF SERVICE

CIRCUIT RULE 30(d) STATEMENT

REQUIRED SHORT APPENDIX

# TABLE OF AUTHORITIES

## CASES

*Alexander v. Blackhawk Recovery & Investigation, LLC,*
    731 F. Supp. 2d 674 (E.D. Mich. 2010) ................................... 20, 28

*Allen v. First National Bank of Monterey,*
    845 N.E.2d 1082 (Ind. Ct. App. 2006) .................................... 5, 6, 27

*Amodio v. Ocwen Loan Servicing, LLC,*
    No. 3:18-CV-00811, 2019 WL 2162944
    (M.D. Tenn. May 17, 2019) ......................................................... 4, 13

*Aviles v. Wayside Auto Body, Inc.,*
    49 F. Supp. 3d 216 (D. Conn. 2014) ........................................ 20, 28

*Barnes v. Northwest Repossession, LLC,*
    210 F. Supp. 3d 954 (N.D. Ill. 2016) ............................................. 19

*Bednarz v. Lovald,*
    No. 15-C-0458, 2016 WL 6304705 (E.D. Wis. Oct. 27, 2016) .. 19, 27

*Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,*
    480 F.3d 470 (7th Cir. 2007) .............................. 9, 20, 21, 22, 24, 25

*Bentrud v. Bowman, Heintz, Boscia & Vician, PC,*
    794 F.3d 871 (7th Cir. 2015) .................................................... 20, 21

*Boucher v. Finance System of Green Bay, Inc.,*
    880 F.3d 362 (7th Cir. 2018) .................................................... 13, 14

*Brock-Miller v. United States,*
    887 F.3d 298 (7th Cir. 2018) ......................................................... 11

*Brooks v. Leon's Quality Adjusters, Inc.,*
    No. 1:15-CV-000965-JLT, 2016 WL 4539967
    (E.D. Cal. Aug. 30, 2016).............................................................. 19

*Butner v. United States,*
440 U.S. 48 (1979) ........................................................ 18

*Buzzell v. Citizens Automobile Finance, Inc.,*
802 F. Supp. 2d 1014 (D. Minn. 2011) ............................ 20

*Census Federal Credit Union v. Wann,*
403 N.E.2d 348 (Ind. Ct. App. 1980) ......................... 5, 27

*Clarin v. Minnesota Repossessors, Inc.,*
198 F.3d 661 (8th Cir. 1999) .................................... 18, 27

*Clark v. Auto Recovery Bureau Conn., Inc.,*
889 F. Supp. 543 (D. Conn. 1994) ............................ 20, 28

*Currier v. First Resolution Investment Corp.,*
762 F.3d 529 (6th Cir. 2014) .................................... 23, 26

*Dallman v. Felt & Lukes, LLC,*
No. 12-CV-765-WMC, 2013 WL 6628996
(W.D. Wis. Dec. 17, 2013) .............................................. 19

*Evory v. RJM Acquisitions Funding LLC,*
505 F.3d 769 (7th Cir. 2007) .................................... 22, 23

*Fleming-Dudley v. Legal Investigations, Inc.,*
No. 05 C 4648, 2007 WL 952026 (N.D. Ill. Mar. 22, 2007) ...... 20, 27

*Gable v. Universal Acceptance Corp. (WI),*
338 F. Supp. 3d 943 (E.D. Wis. 2018) ................ 18, 19, 27

*Hagan v. Quinn,*
867 F.3d 816 (7th Cir. 2017) .......................................... 11

*Hendrickson v. Fifth Third Bank,*
No. 18-CV-0086 (WMW/TNL), 2019 WL 652417
(D. Minn. Feb. 15, 2019) ................................................ 19

*Jeffries v. Wells Fargo Bank, NA*,
No. 10-CV-5889, 2011 WL 5023396
(N.D. Ill. Oct. 19, 2011) ............................................................ 20, 28

*LeBlanc v. Unifund CCR Partners*,
601 F.3d 1185 (11th Cir. 2010) ....................................................... 24

*Lox v. CDA, Ltd.*,
689 F.3d 818 (7th Cir. 2012) .......................................................... 14

*McMahon v. LVNV Funding, LLC*,
744 F.3d 1010 (7th Cir. 2014) ........................................................ 15

*Mkhitaryan v. U.S. Bancorp*,
No. 2:11-CV-1055 JCM (CWH), 2012 WL 6204840
(D. Nev. Dec. 12, 2012) ............................................................ 20, 28

*Moore v. Capital One N.A.*, No. CV 14-4745 (DSD/SER),
2016 WL 1627604 (D. Minn. Apr. 22, 2016) ................................. 27

*O'Connell v. Pursuit, LLC*,
No. 3:17-CV-00067-GFVT, 2019 WL 456223
(E.D. Ky. Feb. 5, 2019) ............................................................. 19, 27

*Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*,
864 F.3d 492 (7th Cir. 2017) .......................................................... 16

*Oregon ex rel. State Land Board v. Corvallis Sand & Gravel Co.*,
429 U.S. 363 (1977) ................................................................. 17, 18

*Osborne v. Minnesota Recovery Bureau, Inc.*,
No. 04-1167(JRT/FLN), 2006 WL 1314420
(D. Minn. May 12, 2006) ................................................................ 28

*Pantoja v. Portfolio Recovery Associates, LLC*,
852 F.3d 679 (7th Cir. 2017) ...................................................... 11, 15

*Pflueger v. Auto Finance Group, Inc.*,
    No. CV-97-9499 CAS(CTX), 1999 WL 3374081
    (C.D. Cal. Apr. 26, 1999) ........................................ 20, 28

*Phillips v. Asset Acceptance, LLC*,
    736 F.3d 1076 (7th Cir. 2013) ................................. 14, 15

*Purkett v. Key Bank USA, Inc.*,
    No. 01 C 162, 2001 WL 503050 (N.D. Ill. May 10, 2001) ........ 19, 28

*Saice v. MidAmerica Bank*,
    No. Civ.98-2396(DSD/JMM),
    1999 WL 33911356 (D. Minn. Sept. 30, 1999) ........................ 20, 28

*Seeger v. AFNI, Inc.*,
    548 F.3d 1107 (7th Cir. 2008) ................................. 15, 16

*Shula v. Lawent*,
    359 F.3d 489 (7th Cir. 2004) ........................................ 14

*Smith v. AFS Acceptance, LLC*,
    No. 11 C 5340, 2012 WL 1969415 (N.D. Ill. June 1, 2012)...... 20, 27

*Speleos v. BAC Home Loans Servicing, LP*,
    824 F. Supp. 2d 226 (D. Mass. 2011) ............................. 20

*Suesz v. Medical-1 Solutions, Inc.*,
    757 F.3d 636 (7th Cir. 2014) ........................................ 16

*United States v. Capital Tax Corp.*,
    545 F.3d 525 (7th Cir. 2008) ........................................ 18

*United States v. Knoll*,
    785 F.3d 1151 (7th Cir. 2015) ........................................ 18

*Vantu v. Echo Recovery, LLC*,
    85 F. Supp. 3d 939 (N.D. Ohio 2015) .................................. 4, 20, 27

*Westbrook v. NASA Federal Credit Union*,
    No. 3:17-CV-00534-AKK, 2019 WL 1056356
    (N.D. Ala. Mar. 6, 2019) ........................................... 19, 27

*Williams v. Republic Recovery Services, Inc.*,
    No. 09 C 6554, 2010 WL 2195519
    (N.D. Ill. May 27, 2010) ............................................ 20, 28

*Wright v. Santander Consumer USA, Inc.*,
    No. 6:18-CV-263-ORL-22KRS, 2018 WL 2095171
    (M.D. Fla. May 1, 2018) ........................................... 19, 27

*Yeldell v. Wells Fargo Bank, N.A.*,
    No. 2:09-CV-01584-JEO, 2011 WL 13287064
    (N.D. Ala. Mar. 2, 2011) ............................................... 28

## STATUTES

28 U.S.C. § 1331 .................................................................. 2

28 U.S.C. § 1337 .................................................................. 2

28 U.S.C. § 1367 .................................................................. 2

28 U.S.C. § 1291 .................................................................. 2

Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. .................... 1
    15 U.S.C. § 1692a(6) .................................................... 4
    15 U.S.C. § 1692d ...................................................... 23
    15 U.S.C. § 1692e ................................................. 14, 23
    15 U.S.C. § 1692e(2)(A) ............................................... 17
    15 U.S.C. § 1692e(2)(B) ............................................... 17
    15 U.S.C. § 1692e(4) .................................................. 17
    15 U.S.C. § 1692e(5) .................................................. 16
    15 U.S.C. § 1692f ....................................................... 3
    15 U.S.C. § 1692f(1) ............................................... 15, 17
    15 U.S.C. § 1692f(6) .............................................. passim
    15 U.S.C. § 1692f(6)(A) ........................................... passim

15 U.S.C. § 1692k(d) ........................................................ 2

15 U.S.C. § 1692i ......................................................... 16

Indiana Code § 26-1-9.1-609 ................................... passim

Indiana Code § 26-1-9.1-609(b) ................................. 4, 5

Indiana Code § 26-1-9.1-609(b)(1) ............................... 27

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 59(e) ................................ 2, 8

Uniform Commercial Code § 9-609 ............................ 4, 13, 18

Uniform Commercial Code § 9-609 comment 3 ....................... 5

# STATEMENT IN SUPPORT OF ORAL ARGUMENT

Plaintiff-appellant Nichole Richards respectfully requests oral argument. The district court held, in conflict with other courts in this Circuit and around the country, that courts may not look at state laws governing the right to take possession of collateral in determining whether a debt collector has a "present right to possession" of the collateral for purposes of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692f(6)(A). This Court has not previously analyzed whether state laws governing repossession of property inform whether a debt collector has a "present right to possession" of the property under section 1692f(6)(A). Plaintiff-appellant believes that oral argument will assist the Court in deciding the issue and resolving this case.

# STATEMENT OF JURISDICTION

Nichole Richards filed this action in the United States District Court for the Southern District of Indiana on February 9, 2017, asserting a claim under the FDCPA, 15 U.S.C. § 1692 *et seq.*, as well as state-law claims for violation of the Indiana Crime Victims Relief Act and replevin.

R.1.[1] The district court had jurisdiction over the FDCPA claim under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337, and over the state-law claims under 28 U.S.C. § 1367.

On July 16, 2018, the district court granted summary judgment to defendants PAR, Inc., and Lawrence Towing, LLC, on the FDCPA claim, App. 13, declined to exercise supplemental jurisdiction over the state-law claims, *id.*, and entered a final judgment that disposed of all claims against all parties, *id.* at 1.

On August 11, 2018, Ms. Richards filed a timely motion to reconsider under Federal Rule of Civil Procedure 59(e). R. 55-56. The district court denied that motion on December 27, 2018, App. 15, and Ms. Richards filed a timely notice of appeal on January 25, 2019, R. 61. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1) Whether courts should look at state laws governing when secured parties may take possession of collateral in determining whether a debt

---

[1] Citations to "R." refer to docket entries in the district court. Citations to "App." refer to the required short appendix attached to this brief.

collector has a "present right to possession" of the collateral under 15 U.S.C. § 1692f(6)(A).

2) Where state law prohibits taking possession of collateral without judicial process when there is a breach of the peace, whether a debt collector has a "present right to possession" of the collateral for purposes of 15 U.S.C. § 1692f(6)(A) when it is proceeding without judicial process and there has been a breach of the peace.

## STATEMENT OF THE CASE AND FACTS

### A. Statutory Background

This case concerns the relationship between a provision of the FDCPA prohibiting debt collectors from using non-judicial means to take possession of collateral when the debt collector does not have a "present right to possession" of the collateral, 15 U.S.C. § 1692f(6)(A), and an Indiana statute detailing when secured parties have the right to take possession of collateral, Indiana Code § 26-1-9.1-609.

15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The statute sets forth a non-exhaustive list of conduct that constitutes "a violation of this section," including, in section 1692f(6), "[t]aking or

threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." For the purposes of section 1692f(6), the term "debt collector" includes a person in "any business the principal purpose of which is the enforcement of security interests." *Id.* § 1692a(6). Thus, section 1692f(6)(A) "subject[s] security enforcers who attempt to repossess collateral without a present right to possess the collateral to liability under the FDCPA." *Vantu v. Echo Recovery, LLC*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015). "In other words, § 1692f(6) forbids unauthorized nonjudicial repossession of secured property[.]" *Amodio v. Ocwen Loan Servicing, LLC*, No. 3:18-CV-00811, 2019 WL 2162944, at *3 (M.D. Tenn. May 17, 2019).

Indiana's Commercial Code delineates a "[s]ecured party's right to take possession after default." Ind. Code § 26-1-9.1-609.[2] The statute provides that a secured party may take possession of collateral after default either "pursuant to judicial process" or "without judicial process,

---

[2] Indiana Code § 26-1-9.1-609 is Indiana's codification of Uniform Commercial Code (UCC) § 9-609.

if it proceeds without breach of the peace." *Id.* § 26-1-9.1-609(b). If the

secured party proceeds without judicial process and a breach of the peace

occurs, "the secured party must desist and pursue his remedy in court."

*Allen v. First Nat'l Bank of Monterey*, 845 N.E.2d 1082, 1086 (Ind. Ct.

App. 2006) (quoting *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348,

352 (Ind. Ct. App. 1980)). That is, if the secured party breaches the peace

while engaging in self-help repossession, it loses the right to immediately

take possession of the collateral.

Indiana courts have explained that a breach of the peace occurs if

"the repossession is verbally or otherwise contested at the actual time of

and in the immediate vicinity of the attempted repossession by the

defaulting party or other person in control of the chattel." *Id.* (quoting

*Census Fed. Credit Union*, 403 N.E.2d at 352). In addition, the official

comments to UCC § 9-609 specify that the "section does not authorize a

secured party who repossesses without judicial process to utilize the

assistance of a law-enforcement officer." UCC § 9-609 cmt. 3.

### B.    Factual Background

Ms. Richards bought a used 2010 Chevrolet Tahoe on February 26,

2015, for $26,750. R. 37-1, at 2. She obtained a loan from Huntington

National Bank (Huntington) to finance the purchase of the Tahoe and gave Huntington a security interest in the vehicle. *Id*. The loan agreement provided that Huntington could take possession of the Tahoe if any promises in the agreement were broken, but specified that Huntington would not breach the peace in doing so. R. 37-3, at 3.

Ms. Richards missed payments on the loan and went into default. R. 37, at 2. Huntington hired defendant-appellee PAR, Inc., to repossess the Tahoe, and PAR, in turn, hired defendant-appellee Lawrence Towing, LLC, to complete the repossession. *Id*.

Around 1:00 A.M. on February 6, 2017, employees of Lawrence Towing showed up at Ms. Richards's house and told her that they were going to repossess the Tahoe. R. 38-1, at 6; R. 37, at 2. When Ms. Richards stated that she was not going to voluntarily give them the vehicle, an employee responded that they could "either do this the hard way or … do this the easy way." R. 38-1, at 8. Ms. Richards reiterated that she was not giving the Lawrence Towing employees the vehicle and asked them to leave her property. *Id*. Instead of "desist[ing] and pursu[ing] [a] remedy in court," *Allen*, 845 N.E.2d at 1086 (citation omitted), however, the Lawrence Towing employees called the police. R. 38-1, at 9. When the

police arrived, Ms. Richards explained that she was not going to give them the vehicle without a court order. *Id.* At some point, a Lawrence Towing employee went over to the Tahoe and began unhooking it from a trailer to which it was attached. *Id.* at 11. When Ms. Richards objected and stepped off her porch, a police officer grabbed her arm, placed her in handcuffs, and threatened her with arrest. *Id.* Ultimately, Lawrence Towing towed the vehicle away. R. 37, at 2.

## C.   Procedural Background

On February 9, 2017, Ms. Richards filed this case against PAR, Inc., and Lawrence Towing, LLC (collectively, Lawrence Towing) in the U.S. District Court for the Southern District of Indiana, alleging a violation of the FDCPA, along with state-law claims. In particular, Ms. Richards alleged that the defendants breached the peace when they repossessed the Tahoe, and that by doing so, they lost their right to take the Tahoe and violated 15 U.S.C. § 1692f(6).

The defendants moved for summary judgment, arguing that they had the right to repossess the vehicle because Ms. Richards had defaulted on her loan repayments. R. 37, at 6. In her opposition, Ms. Richards explained that "the breach of the peace terminated Defendants' right to

take possession of the vehicle by self-help repossession," R. 38, at 1, and that the defendants' repossession of the vehicle therefore violated section 1692f(6)(A).

The district court granted the defendants' motion, refusing to look at whether the defendants could legally repossess the vehicle under Indiana repossession law in determining whether they had a "present right to possession" of the vehicle under section 1692f(6)(A). App. 9-10. Doing so, the court stated, would impermissibly "transform[] the FDCPA into an enforcement mechanism for state law." *Id*. at 10. Instead, the court looked only at whether defendants had an enforceable security interest in the vehicle, which the court found "present as evidenced by the [loan] Agreement." *Id*. The court granted summary judgment to the defendants on the FDCPA claim and, having decided the federal claim, declined to exercise supplemental jurisdiction over the state-law claims. *Id*. at 11.

Ms. Richards filed a motion to reconsider under Federal Rule of Civil Procedure 59(e). In the memorandum accompanying the motion, Ms. Richards explained that federal courts routinely rely on state law to inform the scope and meaning of various FDCPA provisions, and that the

district court's decision was at odds with case law from around the country recognizing that a breach of the peace nullifies any present right to possession under section 1692f(6)(A). R. 56.

The district court denied the motion. Citing language in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 475 (7th Cir. 2007), rejecting the argument that any violation of state or federal law by a debt collector is a *per se* violation of the FDCPA's prohibition on unfair behavior, the district court held that when a state has "crafted a self-help repossession statute and prescribed a remedy," federal courts should not look at whether a debt collector can legally take possession of property under that statute in determining whether a court has a present right to possession under the FDCPA. App. 19. In addition, without explaining how looking to state repossession law in determining whether defendants had a present right to possession would displace that state law, the court stated that it would "not use the 'ambulatory language' of the FDCPA 'to displace decisions consciously made by state legislatures and courts' about how creditors collect debts under state law." *Id.* at 20 (citing *Beler*, 480 F.3d at 475).

# SUMMARY OF ARGUMENT

Under 15 U.S.C. § 1692f(6)(A), a debt collector is prohibited from engaging in self-help repossession if it does not have the present right to possess the collateral. Under the Indiana law governing secured parties' right to take possession of collateral after a default, secured parties proceeding without judicial process have the right to take possession of the collateral only if they do not breach the peace. Accordingly, after the peace was breached, Lawrence Towing lacked a present right to possess Ms. Richards's vehicle, and its repossession violated section 1692f(6)(A).

In granting summary judgment to Lawrence Towing on the FDCPA claim, the district court refused to take state law into account in determining whether Lawrence Towing violated section 1692f(6)(A). Because state law governs whether a secured party has the right to take possession of collateral after default, however, state law affects whether an enforcer of security interests has a present right to possess the collateral. And this Court's caselaw demonstrates that, although debt collectors' violations of state law are not *per se* violations of the FDCPA, whether a debt collector's actions violate the FDPCA can, and often does, depend on state law. Thus, for decades, courts in this Circuit and across

the country have looked at state self-help repossession statutes in determining whether debt collectors violated section 1692f(6)(A).

The district court erred in refusing to take state law into account in analyzing whether Lawrence Towing violated section 1692f(6)(A) and in granting summary judgment against Ms. Richards on the FDCPA claim. In addition, because the dismissal of the state-law claims was based on the grant of summary judgment on the FDCPA claim, the court erred in dismissing the state-law claims as well.

## STANDARD OF REVIEW

This Court "review[s] *de novo* a grant of summary judgment, considering facts that are not disputed and giving the non-moving party the benefit of conflicts in the evidence and reasonable inferences that might be drawn from the evidence." *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 682 (7th Cir. 2017).

The Court reviews for abuse of discretion a district court's decision not to exercise supplemental jurisdiction over state-law claims. *Hagan v. Quinn*, 867 F.3d 816, 820 (7th Cir. 2017). "A decision that rests on an error of law is always an abuse of discretion." *Brock-Miller v. United States*, 887 F.3d 298, 304 (7th Cir. 2018).

**ARGUMENT**

## I. State Law Informs Whether Debt Collectors Have a Present Right to Possession of Property Under the FDCPA.

**A**. 15 U.S.C. § 1692f(6) prohibits debt collectors—including businesses whose principal purpose is the enforcement of security interests—from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." Here, under state law governing a "[s]ecured party's right to take possession after default," Ind. Code § 26-1-9.1-609, Lawrence Towing did not have the right to take possession of the Tahoe when it repossessed the vehicle, and thus violated section 1692f(6)(A) by using non-judicial means to effect dispossession of the Tahoe when it lacked a "present right to possession of the property."

Below, the district court held that state law was not pertinent to the determination whether the defendants had a present right to possess the vehicle. According to the district court, a debt collector's repossession of property through non-judicial means does not violate section 1692f(6)(A) if it has an "enforceable security interest to effect dispossession." App. 10. Section 1692f(6)(A), however, prohibits using

non-judicial means to effect dispossession of property if "there is no *present right to possession of the property* claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A) (emphasis added). Thus, a debt collector "must have, not merely a security interest, but a presently operative right of possession in order for its nonjudicial [repossession] to avoid violating § 1692f(6)." *Amodio*, 2019 WL 2162944, at *4. And the security agreement alone does not determine whether an enforcer of security interests has a presently operative right to possession of the property claimed as collateral. Together, the security agreement and state law delineate the "[s]ecured party's right to take possession after default." Ind. Code § 26-1-9.1-609; UCC § 9-609.[3]

This Court regularly looks to state law in determining whether debt collectors have violated the FDCPA's provisions. In *Boucher v. Finance System of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018), for example, the Court held that the plaintiffs stated a claim that the debt collector

---

[3] Here, the district court did not even take all terms of the security agreement into account. In particular, it did not analyze whether the provision in the loan agreement prohibiting Huntington from breaching the peace deprived Lawrence Towing of the right to possess the vehicle after the peace was breached, stating, instead, that it would "not make a federal claim out of a breach of contract claim." App. 20.

violated 15 U.S.C. § 1692e, which prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt," where the debt collector threatened to impose "late charges and other charges" that could not legally be imposed under Wisconsin law. 880 F.3d at 367. The Court explained that, because state law prohibited imposing the threatened charges, "the dunning letter falsely implie[d] a possible outcome … that [could not] legally come to pass." *Id.*; *see also Lox v. CDA, Ltd.*, 689 F.3d 818, 823-24 (7th Cir. 2012) (holding that a debt collector's letter stating that the failure to pay a debt could result in having to pay the debt collector's attorney fees was false under section 1692e where neither federal nor state law provided for an attorney fee award); *Shula v. Lawent*, 359 F.3d 489, 491-92 (7th Cir. 2004) (examining Illinois law about costs in holding that a debt collector's letter demanding court costs was false and misleading in violation of section 1692e).

Similarly, in *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013), the Court held that efforts to collect time-barred debts violate the FDCPA, then looked to (and resolved a question of) Illinois law to determine the applicable statute of limitations. *Id.* at 1076, 1079, 1081-

82. The Court concluded that the debt collection suits at issue were time-barred under the applicable Illinois statute of limitations, and that the suits therefore violated the FDCPA, unless the defendants could rely on the bona fide error defense or had a defense, such as equitable tolling, to the bar of the statute of limitations. *Id.* at 1083-84; *see also Pantoja*, 852 F.3d at 684-85 (discussing state statute of limitations law in holding that a letter that failed to warn the consumer that partial payment could restart the clock on a time-barred debt violated the FDCPA); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1013, 1020 (7th Cir. 2014) (noting the applicable state statute of limitations and explaining that a letter violates the FDCPA if it misleads a consumer into believing that a debt that is time-barred under the applicable statute of limitations is legally enforceable).

In *Seeger v. AFNI, Inc.*, 548 F.3d 1107 (7th Cir. 2008), the Court affirmed a grant of summary judgment in favor of a plaintiff class under both the FDCPA and Wisconsin law, where the defendant imposed a 15 percent collection fee. Citing 15 U.S.C. § 1692f(1), which prohibits the collection of any amount that is not "expressly authorized by the agreement creating the debt or permitted by law," the Court examined

whether "Wisconsin law allows a debt collector in [the defendant's] position to impose the 15% fee that [the defendant] wanted to charge." 548 F.3d at 1111.

And in *Suesz v. Med-1 Solutions, Inc.*, 757 F.3d 636 (7th Cir. 2014) (en banc), this Court held that "the correct interpretation of 'judicial district or similar legal entity' in § 1692i," which requires debt collectors to bring suit in the judicial district or similar legal entity in which the consumer signed the contract or resides, "is the smallest geographic area that is relevant for determining venue in the court system in which the case is filed." 757 F.3d at 638. The Court explained that its interpretation "focuses on the state court venue rules faced by parties and lawyers, and the relevant geographic unit for applying those rules." *Id.* at 643; *see also Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 496 (7th Cir. 2017) (en banc) (applying *Suesz* to municipal department districts in Cook County, Illinois).

As these cases demonstrate, many provisions of the FDCPA depend on state law or require an examination of state law to determine whether the federal law has been violated. For example, 15 U.S.C. § 1692e(5) prohibits debt collectors from threatening "to take any action that cannot

legally be taken or that is not intended to be taken." Often, a court will need to look to state law to determine if the action can legally be taken. Similarly, section 1692f(1) prohibits "[t]he collection of any amount" that is not "expressly authorized by the agreement creating the debt or permitted by law." There too, a court will need to look to state law to determine whether the collection of the amount was "permitted by law." *See also*, *e.g.*, 15 U.S.C. § 1692e(2)(A) (forbidding the false representation of the "legal status" of a debt); *id*. § 1692e(2)(B) (forbidding the false representation of "any services rendered or compensation which may be lawfully received" by a debt collector); *id*. § 1692e(4) (forbidding the representation that nonpayment will result in certain actions "unless such action is lawful" and the debt collector intends to take it).

The same is true of claims under section 1692f(6)(A). Under section 1692f(6)(A), a debt collector may take possession of property through nonjudicial means only if it has a "present right to possession" of the property as collateral. As the Supreme Court has explained, "[t]he great body of law in this country which controls acquisition, transmission, and transfer of property, and defines the rights of its owners in relation to the state or to private parties, is found in the statutes and decisions of the

state." *Oregon ex rel. State Land Bd. v. Corvallis Sand & Gravel Co.*, 429 U.S. 363, 378 (1977) (citation omitted); *see also United States v. Knoll*, 785 F.3d 1151, 1156 (7th Cir. 2015) ("Property interests are created and defined by state law." (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979))); c*f. United States v. Capital Tax Corp.*, 545 F.3d 525, 532-33 (7th Cir. 2008) ("To invent out of whole cloth a distinctly federal law of property would be inappropriate, if not impossible."). In particular, state laws define when secured parties have the right to take possession of collateral after default. *See* Ind. Code § 26-1-9.1-609 (entitled "Secured party's right to take possession after default"); *see also* UCC § 9-609 (same). Thus, courts have to look at state law to determine whether someone enforcing a security interest has a "present right to possession" of the collateral.

Accordingly, for decades, courts around the country—including in this Circuit—have looked to state law to determine whether debt collectors had a present right to possession under section 1692f(6). *See*, *e.g.*, *Clarin v. Minn. Repossessors, Inc.*, 198 F.3d 661, 665 (8th Cir. 1999) (looking at Minnesota UCC in determining whether repossessors had a present right of possession); *Gable v. Universal Acceptance Corp. (WI)*,

338 F. Supp. 3d 943, 949 (E.D. Wis. 2018) ("Courts presented with the issue of determining whether a repossession agency has violated § 1692f(6) look to the applicable state self-help repossession statute[.]" (citation omitted)); *Barnes v. Nw. Repossession, LLC*, 210 F. Supp. 3d 954, 961 (N.D. Ill. 2016) ("To determine whether a debt collector had a present right to possession of the property under § 1692f(6), courts in this district and elsewhere have looked to the applicable state self-help repossession statute." (citation omitted)); *Dallman v. Felt & Lukes, LLC*, No. 12-CV-765-WMC, 2013 WL 6628996, at *9 (W.D. Wis. Dec. 17, 2013) ("A court should look to state law requirements to determine whether there was a present right to possession under the FDCPA." (citation omitted)); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001) ("Courts look to Article 9 of the UCC to determine this issue.").[4]

---

[4] *See also, e.g., Westbrook v. NASA Fed. Credit Union*, No. 3:17-CV-00534-AKK, 2019 WL 1056356, at *3 (N.D. Ala. Mar. 6, 2019); *Hendrickson v. Fifth Third Bank*, No. 18-CV-0086 (WMW/TNL), 2019 WL 652417, at *3 (D. Minn. Feb. 15, 2019); *O'Connell v. Pursuit, LLC*, No. 3:17-CV-00067-GFVT, 2019 WL 456223, at *3 (E.D. Ky. Feb. 5, 2019); *Wright v. Santander Consumer USA, Inc.*, No. 6:18-CV-263-ORL-22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018); *Bednarz v. Lovald,* No. 15-C-0458, 2016 WL 6304705, at *2 (E.D. Wis. Oct. 27, 2016); *Brooks v. Leon's Quality Adjusters, Inc.*, No. 1:15-CV-000965-JLT, 2016 WL 4539967, at

**B**. The district court cited two Seventh Circuit decisions—*Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), and *Bentrud v. Bowman, Heintz, Boscia & Vician, PC*, 794 F.3d 871 (7th Cir. 2015)—in support of its decision not to take state law into account in determining whether Lawrence Towing had a present right to possess the Tahoe. Both those cases are inapposite.

In *Beler*, the plaintiff sued for violation of the FDCPA after the defendant law firm sent her bank a citation to discover assets that led the bank to freeze her account, which included Social Security disability

---

*12 (E.D. Cal. Aug. 30, 2016); *Vantu*, 85 F. Supp. 3d at 943; *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 225 (D. Conn. 2014); *Mkhitaryan v. U.S. Bancorp*, No. 2:11-CV-1055 JCM (CWH), 2012 WL 6204840, at *4 (D. Nev. Dec. 12, 2012); *Smith v. AFS Acceptance, LLC*, No. 11 C 5340, 2012 WL 1969415, at *3 (N.D. Ill. June 1, 2012); *Jeffries v. Wells Fargo Bank, NA*, No. 10-CV-5889, 2011 WL 5023396, at *6 (N.D. Ill. Oct. 19, 2011); *Speleos v. BAC Home Loans Servicing, LP*, 824 F. Supp. 2d 226, 233 (D. Mass. 2011); *Buzzell v. Citizens Auto. Fin., Inc.*, 802 F. Supp. 2d 1014, 1021 (D. Minn. 2011); *Alexander v. Blackhawk Recovery & Investigation, LLC*, 731 F. Supp. 2d 674, 679 (E.D. Mich. 2010); *Williams v. Republic Recovery Servs., Inc.*, No. 09 C 6554, 2010 WL 2195519, at *3 (N.D. Ill. May 27, 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Saice v. MidAmerica Bank*, No. Civ.98-2396(DSD/JMM), 1999 WL 33911356, at *5 (D. Minn. Sept. 30, 1999); *Pflueger v. Auto Fin. Grp., Inc.*, No. CV-97-9499 CAS(CTX), 1999 WL 33740813, at *6 (C.D. Cal. Apr. 26, 1999); *Clark v. Auto Recovery Bureau Conn., Inc.*, 889 F. Supp. 543, 546 (D. Conn. 1994).

payments. 480 F.3d at 472. The plaintiff contended that the citation violated provisions of the Social Security Act and Illinois law exempting Social Security benefits from attachment, and that it was "'unfair' or 'unconscionable' for a debt collector to violate any other rule of positive law." *Id.* at 473. The Court rejected the contention that all violations by debt collectors of federal and state law are *per se* violations of the FDCPA. "[Section] 1692f creates its own rules," the Court explained.

> [I]t does not so much as hint at being an enforcement mechanism for other rules of state and federal law. This is not a piggyback jurisdiction clause. If the Law Firm violated the Social Security Act, that statute's rules should be applied. Likewise if the Law Firm violated Illinois law. Section 1692f does not take a state-law dispute and move it to federal court, even though the amount in controversy is well under $75,000 and the parties are not of diverse citizenship.

*Id.* at 474.

Similarly, in *Bentrud*, the plaintiff contended that it was "unfair" of a law firm to file a motion for summary judgment after he invoked an arbitration provision in his contract with the law firm's client. 794 F.3d at 875. Citing *Beler*, the Court rejected the plaintiff's argument, stating that "the FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law," and that the plaintiff's "remedy sound[ed] in breach of contract, not the FDCPA." *Id.* Even if filing the

motion violated the parties' contract, that violation was not automatically a violation of the FDCPA.

In contrast to *Beler* and *Bentrud*, Ms. Richards is not arguing here that every violation of state law by a debt collector violates section 1692f and she is not seeking to use the FDCPA to enforce state law. Rather, she is seeking to enforce one of section 1692f's "own rules," *Beler*, 480 F.3d at 473—the rule prohibiting debt collectors from using nonjudicial means to take possession of collateral when they lack a present right to possession of the collateral, 15 U.S.C. § 1692f(6)(A). She is not asking the Court to look at Indiana Code § 26-1-9.1-609 because she is seeking a remedy for a violation of that law, but because that law affects whether Lawrence Towing had a present right to possess the Tahoe, and thus whether Lawrence Towing violated section 1692f(6)(A).

This Court confirmed in *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007), that *Beler* does not prevent FDCPA violations from being premised on state law. In *Evory*, a debt collector threatened to impose a charge that, the Court stated, "would violate Indiana law." *Id*. at 777. Citing *Beler*, the Court noted that a "violation of state law is not *in itself* a violation of the federal act." *Id*. at 778 (emphasis

added). The Court explained, however, that "a threat to impose a penalty that the threatener knows is improper because unlawful is a good candidate for a violation of sections 1692d and e," which prohibit harassment or abuse and false or misleading misrepresentations. 505 F.3d at 778. That is, although the violation of Indiana law was not a *per se* violation of the FDCPA, by making the threatened penalty unlawful, the Indiana law informed whether the debt collector's activity was harassing, abusive, false, or misleading, in violation of sections 1692d and e. Likewise, here, although violations of the Indiana Code are not in themselves automatically violations of the FDCPA, because it deprived Lawrence Towing of the right to take possession of Ms. Richards's Tahoe, Indiana Code § 26-1-9.1-609 informs whether Lawrence Towing had a present right to possess the vehicle, and thus whether it violated section 1692f(6)(A). *See also supra* pp. 13-16 (citing numerous post-*Beler* Seventh Circuit cases in which FDCPA violations depended on state law); *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 537 (6th Cir. 2014) (agreeing with *Beler* "that Congress did not turn every violation of state law into a violation of the FDCPA," but explaining that the "legality of the action taken under state law may be relevant" to whether the FDCPA was

violated); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190, 1192 (11th Cir. 2010) (recognizing that debt collector actions in violation of state law are not *per se* violations of the FDCPA, but that state law violations "may support a federal cause of action under the FDCPA").

Citing *Beler*, 480 F.3d at 475, the district court stated that it would "not use the 'ambulatory language' of the FDCPA 'to displace decisions consciously made by state legislatures and courts' about how creditors collect debts under state law." App. 20. The part of *Beler* the district court quoted, however, was not discussing whether a FDCPA violation can be based on a violation of state law, but whether the FDCPA requires procedures for collecting state-court judgments that are *different* from those required by state law. After noting that the citation at issue did not violate state law, which did not require a pre-citation hearing, the Court in *Beler* explained that the plaintiff could prevail only if the Court "were to declare, as a matter of federal common law, that a pre-citation hearing is essential to 'fair' debt collection." 480 F.3d at 474. The Court declined to do so, stating that "[s]tate judges may decide how their judgments are to be collected," and that it would not use "ambulatory language" in the FDCPA to "displace decisions consciously made by state legislatures and

courts about how judgment creditors collect judgments entered under state law." *Id*. at 475. That the Court was unwilling to interpret the terms "unfair or unconscionable" in the FDCPA to require procedures for collecting state-court judgments that *differed* from the procedures required by the state courts does not suggest that it would "displace" or "usurp" state law, as the district court suggested, *see* App. 19, 20, for courts to look at state law governing the right to take possession of property in determining whether a debt collector has the "present right of possession" of the property.

The district court also indicated that it would be inappropriate to look at Indiana Code § 26-1-9.1-609 in determining whether Lawrence Towing violated section 1692f(6)(A) because Indiana has "prescribed a remedy" for violations of § 26-1-9.1-609. App. 19. Ms. Richards's FDCPA claim, however, is not seeking a remedy for a violation of Indiana Code § 26-1-9.1-609; it is seeking a remedy for a violation of the FDCPA. Congress decided, in section 1692f(6)(A), to subject debt collectors to liability under federal law if they threaten to take or take possession of collateral through nonjudicial means when they do not have a present right to possession of the collateral. That state law may also provide a

remedy when debt collectors take possession of collateral when they do not have the right to do so—or that state law may be the reason the debt collector does not have the right to possess the collateral—is not a reason to absolve debt collectors of liability under federal law when they violate section 1692f(6)(A)'s proscriptions. *See Currier*, 762 F.3d at 537 (explaining that the fact that violations of state law are not automatically violations of the FDCPA "does not mean that a violation of state law can never *also* be a violation of the FDCPA").

Debt collectors violate section 1692f(6)(A) if they engage in self-help repossession without a present right to possession of the collateral. Because state law informs whether debt collectors have that present right to possession, the district court should have looked at state law in determining whether Lawrence Towing violated section 1692f(6)(A).

## II. Lawrence Towing Violated the FDCPA by Taking Possession of Ms. Richards's Vehicle Without a Present Right to Possess It.

Taking state law into account, it is clear that the district court erred in granting summary judgment to Lawrence Towing on the FDCPA claim.

Under Indiana Code § 26-1-9.1-609(b)(1), a secured party may take possession of collateral without judicial process after a default only "if it proceeds without breach of the peace." Once there is a breach of the peace, the secured party is no longer entitled to take possession of the collateral. Instead, it "must desist and pursue [its] remedy in court." *Allen*, 845 N.E.2d at 1086 (quoting *Census Fed. Credit Union*, 403 N.E.2d at 352).

Accordingly, once there was a breach of the peace, Lawrence Towing lacked a present right to possession of the vehicle. *See*, *e.g.*, *Bednarz*, 2016 WL 6304705, at *2 ("[I]f [a] debt collector breaches the peace, there is no right of possession and there is a violation of the FDCPA."); *Vantu*, 85 F. Supp. 3d at 943 ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Smith*, 2012 WL 1969415, at *3 ("[I]f the debt collector violated the self-help repossession statute, by breach of the peace or otherwise, then the collector had no present right to possession of the property under § 1692f(6)." (quoting *Fleming-Dudley*, 2007 WL 952026, at *5));[5] *cf. Clarin*, 198 F.3d at 665 ("Because we find no breach of the

---

[5] *See also, e.g.*, *Westbrook*, 2019 WL 1056356, at *3; *O'Connell*, 2019 WL 456223, at *3; *Gable*, 338 F. Supp. 3d at 949; *Wright*, 2018 WL 2095171, at *4; *Moore v. Capital One N.A.*, No. CV 14-4745 (DSD/SER), 2016 WL

peace under the Minnesota UCC, the [plaintiffs'] Fair Debt Collection Practices Act claim fails as well."). Because Lawrence Towing lacked a "present right to possession of the property" when it took "nonjudicial action to effect dispossession" of the Tahoe, its repossession violated section 1692f(6)(A).

## III.   The Dismissal of the State-Law Claims Should Be Reversed.

Having granted summary judgment to Lawrence Towing on Ms. Richards's federal claim, the district court declined to exercise jurisdiction over her state-law claims and dismissed them. App. 13. Because the court erred in granting summary judgment on the FDCPA claim, it erred as well in dismissing the state-law claims.

---

1627604, at *2 (D. Minn. Apr. 22, 2016); *Aviles*, 49 F. Supp. 3d at 226; *Mkhitaryan*, 2012 WL 6204840, at *4; *Jeffries*, 2011 WL 5023396, at *6; *Yeldell v. Wells Fargo Bank, N.A.*, No. 2:09-CV-01584-JEO, 2011 WL 13287064, at *17 (N.D. Ala. Mar. 2, 2011); *Alexander*, 731 F. Supp. 2d at 680; *Williams*, 2010 WL 2195519, at *3; *Purkett*, 2001 WL 503050, at *2; *Saice*, 1999 WL 33911356, at *5; *Pflueger*, 1999 WL 33740813, at *6; *Clark*, 889 F. Supp. at 546-47; *but see, e.g., Osborne v. Minn. Recovery Bureau, Inc.*, No. 04-1167(JRT/FLN), 2006 WL 1314420, at *7 (D. Minn. May 12, 2006) (one of only a handful of cases found by plaintiff-appellant holding that a breach of the peace does not necessarily terminate a present right of possession).

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's grant of summary judgment to defendants on the FDCPA claim and dismissal of the state-law claims and should remand for further proceedings.

<div style="margin-left:50%">

Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Robert E. Duff
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
(800) 817-0461

Counsel for Plaintiff-Appellant

</div>

June 24, 2019

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(B)**

I hereby certify that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Circuit Rule 32(c). As calculated by my word processing software (Microsoft Word for Office 365), the brief contains 6,074 words.

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum

## CERTIFICATE OF SERVICE

I hereby certify that on this date, June 24, 2019, I am electronically filing this brief through the ECF system, which will send a notice of electronic filing to counsel for all parties in this case.

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum

## CIRCUIT RULE 30(d) STATEMENT

Pursuant to Circuit Rule 30(d), I hereby certify that all materials required by Circuit Rule 30(a) and (b) are included in the attached appendix.

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum

# APPENDIX

# TABLE OF CONTENTS

Final Judgment Pursuant to Fed. R. Civ. Pro. 58
(Dkt. 54, July 16, 2018) ......................................................... App. 1

Entry on Pending Motions
(Dkt. 53, July 16, 2018) ......................................................... App. 3

Entry on Richards' Motion to Reconsider
(Dkt. 60, December 27, 2018) ............................................... App. 15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| NICHOLE L. RICHARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00409-TWP-MPB |
| | ) | |
| PAR, INC. and LAWRENCE TOWING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL JUDGMENT PURSUANT TO FED. R. CIV. PRO. 58**

The Court having this day made its Entry directing the entry of final judgment, the Court

now enters **FINAL JUDGMENT**.

Judgment is entered in favor of Defendants PAR, Inc. and Lawrence Towing, LLC. and

against Plaintiff Nichole Richards. This action is **TERMINATED**.

**IT IS SO ORDERED.**

Date:        7/16/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

App. 1

DISTRIBUTION:

Gregory M. Bokota
Garan Lucow Miller P.C.
GBokota@garanlucow.com

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Courtney A. Krause
GARAN LUCOW MILLER, P.C.
ckrause@garanlucow.com

Nicholas Knowlson Rohner
WELTMAN WEINBERG & REIS LPA
nrohner@weltman.com

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| NICHOLE L. RICHARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00409-TWP-MPB |
| | ) | |
| PAR, INC. and LAWRENCE TOWING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court on a Motion for Summary Judgment (Filing No. 36) filed by Defendants PAR, Inc. ("PAR") and Lawrence Towing, LLC ("Lawrence Towing") (collectively, "Defendants").  Plaintiff Nichole L. Richards ("Richards") filed a Complaint with claims under the Fair Debt Collection Practices Act ("FDCPA"), as well as state law claims. (Filing No. 1.)  Richards alleges that Defendants are debt collectors under 15 U.S.C. § 1692a(6), and their repossession of her vehicle was in violation of Indiana Code § 26-1-9.1-609.  Thus, she argues the Defendants violated the FDCPA.  Richards' state law claims arise out of the alleged wrongful repossession.  Also pending before the Court is a Motion to Stay Arbitration filed by the Defendants (Filing No. 43), and a Motion to Intervene, filed by Huntington Bancshares, Inc. ("Huntington") (Filing No. 47).  For the reasons that follow, the Court **grants** the Defendants' Motion for Summary Judgment, and **denies** the Motions to Stay Arbitration and to Intervene.

## I.   BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Richards as the non-

moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On February 26, 2015, Richards purchased a used 2010 Chevrolet Tahoe (the "Tahoe") from Tru Worth Auto for $26,750.00. (Filing No. 1 at 1.) Huntington National Bank financed the purchase and obtained a lien on the vehicle. (Filing No. 44-1 at 2.) Richards missed payments on the Tahoe and defaulted under the terms of the Personal Loan Agreement ("Agreement") with Huntington. *Id.* The Agreement provided that Huntington had the right to repossess the Tahoe in the event that Richards defaulted on her payments. *Id.*

Huntington contracted with PAR to repossess the Tahoe, and PAR subcontracted the job to Lawrence Towing. (Filing No. 1 at 2.) On December 6, 2016, Lawrence Towing went to Richards' home located in Indianapolis, Indiana to repossess the Tahoe. (Filing No. 38-1 at 6.) Because the Tahoe had a trailer attached to it and was not readily accessible, Lawrence Towing had to make contact with Richards to accomplish the repossession. *Id.* at 3. Richards refused to give Lawrence Towing her vehicle. (Filing No. 38-1 at 8.) The following exchange occurred between Richards and the Lawrence Towing employee:

> And he said, well, we can either do this the hard way or we can do this the easy way. And I said what's the hard way? He said the hard way is I call the police and they make you give me the vehicle. And I said, well, I guess we're going to have to do this the hard way because I'm not giving you my vehicle. I'm going to have to ask you to leave my property. He said that's fine and so him and the younger gentleman walked off my property and they got in their vehicle and they moved up into the front of my driveway and turned off the engine, got out and he got on his cell phone and he was -- presumably the police, but he was talking to somebody.

(Filing No. 38-1 at 8-9). Ultimately, the police arrived and Richards continued to verbally refuse the repossession. *Id.* at 10. When the Lawrence Towing employee went to unhook the trailer attached to the Tahoe, Richards stepped off of her porch and was put in handcuffs by the officer. *Id.* at 11. Richards was not taken into custody, however, the Tahoe was towed away and repossessed. (Filing No. 1 at 3.) On February 9, 2017, Richards filed this action against the

Defendants in federal court.  (Filing No. 1.)  Her claims for relief are violation of the FDCPA, Replevin, and violation of the Indiana Crime Victims Relief Act (in particular Indiana Code § 35-43-2-2 and § 35-43-4-3, Criminal Trespass).  *Id.* at 3-5.  Richards intentionally did not include Huntington in this lawsuit because Huntington's contract contained a binding Arbitration Provision that would have allowed Huntington to require Richards' claims to be arbitrated.  (Filing No. 52-1 at 1.)

On April 16, 2018, Richards filed an Amended Claim for Arbitration against Huntington with JAMS (formerly known as Judicial Arbitration and Mediation Services, Inc.) premised on factual averments identical to those asserted in this action.  (Filing No. 44-3.)  An arbitration was convened on May 31, 2018, during which Huntington objected to Richards' efforts to adjudicate this matter in two different forums.  (Filing No. 47 at 3.)  Ultimately, JAMS cancelled the arbitration following Huntington's assertion that JAMS was ineligible to administer the arbitration as its policies and procedures were materially inconsistent with Huntington's arbitration provision.  *Id*.  Thereafter, on June 7, 2018, Huntington filed a Motion to Intervene in the instant action, pursuant to Federal Rule of Civil Procedure 24(a) and 24(b) (Filing No. 47).

## II.   <u>LEGAL STANDARDS</u>

### A.   <u>Summary Judgment Standard</u>

The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Matsushita Electric Industrial Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 106 S.Ct. 1348 (1986).  Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007).  In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).  However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted).  "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted).  Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

**B.**      **Motion to Intervene Standard**

Federal Rule of Civil Procedure 24 governs a party's ability to intervene in a cause of action.  Rule 24(a)(2) states that a party may intervene as a matter of right when he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Rule 24(b)(2) states that a party may be allowed to intervene if he "has a claim or defense that shares with the main action a common question of law or fact."

A party seeking to intervene as a matter of right under Rule 24(a)(2) must show: (1) timeliness of the application, (2) an interest relating to the subject matter of the main action, (3) potential impairment of that interest if the action is resolved without him, and (4) that the interest cannot be adequately protected by the existing parties. *See Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002); *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984). If the applicant does not carry his burden of satisfying each of these requirements, *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985), the court must deny the application. *See United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003); *United States v. 36.96 Acres of Land*, 754 F.2d 855, 858 (7th Cir. 1985).

"When deciding a motion for permissive intervention under Rule 24(b), the 'court must consider three requirements: (1) whether the petition was timely; (2) whether a common question of law or fact exists; and (3) whether granting the petition to intervene will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Dave's Detailing, Inc. v. Catlin Ins. Co.*, No. 1:11-cv-1585-RLY-DKL, 2012 WL 5377880, at *2 (S.D. Ind. Oct. 31, 2012) (quoting *Pac for Middle Am. v. State Bd. of Elections*, No. 95–c–827, 1995 WL 571893, at *3 (N.D. Ill. Sept. 22, 1995)).

### III. DISCUSSION

As stated earlier, Richards does not dispute that she was in default on her car loan. She notes however, that Indiana Code § 26-1-9.1-609 provides that a secured creditor may repossess the collateral after default "if it proceeds without a breach of the peace." Richards argues that there is a genuine issue of material fact, at the least, as to whether she objected to the repossession and therefore whether the subsequent repossession was in breach of the peace. The Court will first address the summary judgment motion.

A.   **Motion for Summary Judgment**

Lawrence Towing filed a Motion for Summary Judgment alleging that Richards' FDCPA claim is not an enforcement mechanism for state law disputes, therefore, this Court should grant its Motion for Summary judgment on the FDCPA claim and dismiss any remaining state law claims pursuant to 28 U.S.C. § 1367(c).  (Filing No. 37 at 4, 8.)  Richards responds that numerous cases rely upon state law to establish a violation of the FDCPA.  (Filing No. 38 at 3.)  The material facts are largely not in dispute.  (Filing No. 38 at 2.)  ("Plaintiff does not take issue with any of Defendants' facts in their Statement of Material Facts Not in Dispute.")  Thus, the dispositive question regarding the FDCPA is a legal one.

Richards proposes that a trial in this case is required because the material issue of fact in this case is whether or not the repossession involved a breach of the peace.  *Id.*  The parties agree that "breach of the peace repossession" in violation of Indiana Code § 26-1-9.1-609, is a state law remedy.  However, they disagree on whether courts may look to state law, *i.e.* the definition of breach of the peace, to determine if §1692f(6)(A) of the FDCPA was also violated.  Section 1692f(6)(A) prohibits the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest."  15 U.S.C. § 1692f.  It is also undisputed that Huntington held a present right to possession based on the fact that Richards defaulted on her payments under the Agreement and Huntington held a security interest in the Tahoe.  (Filing No. 44-1 at 2; Filing No. 44-3 at 2.)

"The FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law."  *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.,* 794 F.3d 871, 875 (7th Cir. 2015).  *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC* is instructive on the scope of 15 U.S.C.

§ 1692f.   480 F.3d 470, 473 (7th Cir. 2007).   In *Beler*, the plaintiff sued defendants after the defendants served a citation that caused her bank to freeze her checking account for three weeks. In freezing the account, the plaintiff was unable to access her Social Security benefits which are exempt from attachment under both Social Security regulations and Illinois law.   Thus, the plaintiff advanced a theory that violation of Social Security regulations and Illinois law regarding the exempted Social Security benefits was also a violation of §1692f.   The Seventh Circuit advised against expanding the scope of the FDCPA through §1692f.   "This is not a piggyback jurisdiction clause.   If the Law Firm violated the Social Security Act, that statute's rules should be applied. Likewise if the Law Firm violated Illinois law.   Section 1692f does not take a state-law dispute and move it to federal court."   *Id.* at 424.   More recently, the Seventh Circuit considered another state law, an arbitration provision in a credit card agreement, in the context of §1692f.   Again, the Seventh Circuit held that it would not "transform the FDCPA into an enforcement mechanism for matters governed by state law."   *Bentrud,* 794 F.3d at 876.

Richards refers to the Seventh Circuit's holding that the "FDCPA is not an enforcement mechanism for state law" as dicta and points to FDCPA violations that have relied upon state law such as determining the relevant statute of limitations and the charging of additional amounts on top of the debt itself such as attorney fees.   (Filing No. 38 at 4.)   Defendants respond that the distinction between the present cases and Richards' citation to other cases that rely on state law in addition to the FDCPA, is that Richards "is attempting to use the FDCPA to enforce independent legal obligations not mandated by the FDCPA."   (Filing No. 40 at 3.)   Although *Beler* and *Bentrud* did not consider the state law regarding breach of the peace, the relief that Richards seeks is an independent state law regarding legal collection activity under Indiana law that would amount to

transforming the FDCPA into an enforcement mechanism for state law.  Additionally, Richards'
claims concern the very section of the FDCPA at issue in *Beler* and *Bentrud*.

Indiana Code § 26-1-9.1-609 provides that after default, a secured party may take
possession of the collateral without judicial process, if it proceeds without breach of the peace.
Indiana courts have interpreted breach of the peace to include "all violations of public peace, order,
or decorum.  A breach of the peace is a violation or disturbance of the public tranquility or order,
and the offense includes breaking or disturbing the public peace by any riotous, forceful, or
unlawful proceedings."  *Census Fed. Credit Union v. Wann,* 403 N.E.2d 348, 350 (Ind. Ct. App.
1980).  Unlike the district court cases cited by Richards which analyzed whether defendants had a
'present right' to collateral via valid security interests, there is no dispute that the Defendants in
this case did have the 'present right' to the Tahoe, based on the FDCPA's definition.  Richards
admits that she had defaulted on her car loan payments.  (*See* Filing No. 38 at 6-7; Filing No. 37-
1 at 2-3) (citing *Purkett v. Key Bank USA, N.A.*, 2001 U.S. Dist. LEXIS 6126, *5 (N.D. Ill. May
9, 2001); *Clark v. Auto Recovery Bureau, Inc.,* 889 F. Supp. 543, 546 (D.Conn. 1994)).  Similar
to the state law issues considered in *Beler* and *Bentrud*, any violation for Defendants breaching of
the peace when she was handcuffed and threatened with arrest during the repossession, is
independently a matter of state law. Richards may not use the FDCPA to enforce a remedy
governed under state law. The FDCPA requires an enforceable security interest to effect
dispossession, which is present as evidenced by the Agreement.  Accordingly, Defendants' Motion
for Summary Judgment on Richards' FDCPA claim is **granted**.

Richards also filed state law claims for Replevin and violation of the Indiana Crime
Victims Relief Act.  If the district court has original jurisdiction over an action, it may also exercise
supplemental jurisdiction over "all other claims that are so related to claims in the action…that

they form part of the same case or controversy…".  28 U.S.C. § 1367(a).  If the underlying federal claim that supported supplemental jurisdiction is dismissed, courts have discretion in deciding whether to continue to exercise jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c).  The court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it has original jurisdiction.  *Id.*  The dismissal of federal claims do not require the court to decline to exercise supplemental jurisdiction over state law claims. However, the court "will normally relinquish [supplemental] jurisdiction over the state-law claims."  *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998).

The Court's jurisdiction over the state law claims is based on supplemental jurisdiction under 28 U.S.C. § 1367(a).  Because the Court has granted summary judgment in favor of Defendants on the FDCPA claim conferring the Court's original jurisdiction, in the interests of judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the state law claims are **dismissed without prejudice**.

### B.   Motion to Stay

On May 24, 2018, the Defendants filed a Motion to Stay Arbitration, (Filing No. 43), on the basis that Richards waived her right to arbitration when she filed her Complaint in this Court. Richards responds that arbitration was initiated against non-party Huntington pursuant to a binding arbitration provision in the Agreement.  (Filing No. 52 at 1; Filing No. 52-1 at 17.)  On April 9, 2018, Huntington and Richards agreed to arbitrate their matter.  (Filing No. 52-1 at 18.)  Because neither Lawrence Towing nor PAR have standing to stay Huntington and Richards' pending agreed upon (and binding) arbitration, the Court **denies** the Defendants' Motion to Stay Arbitration.

### C.   Motion to Intervene

On June 7, 2018, Huntington filed a Motion to Intervene, (Filing No. 47), in the present action on the issue of "whether Richards is entitled to any recovery for an alleged breach of the peace repossession by Lawrence Towing LLC and PAR, Inc.". *Id.* at 4.  Richards asserts that Huntington's motion to intervene would be futile because the arbitration provision in the Agreement is binding, and Huntington's motion is not timely.  She argues that Huntington knew of her claims against it in April 2017 and of this lawsuit in September 2017, yet it did not move to intervene until June 2018, two months prior to the August 27, 2018 jury trial. (Filing No. 52 at 8-9.)  She further contends that Huntington will not be prejudiced by not allowing it to intervene because it has the arbitration forum that it chose in which to defend its liability.  *Id.*

As noted above, this Court has declined to exercise supplemental jurisdiction over the state law claims, and Richards may not pursue breach of the peace—a state law claim—pursuant to the FDCPA.  Thus, Richards is correct in that intervention as a right or permissive would be futile given the disposition of the present case and the underlying basis for Huntington's request to intervene.  Additionally, the arbitration provision was included in Huntington's contract to apply to any claims between Richards and Huntington.  (Filing No. 52-1 at 17.)  Richards has elected to arbitrate her claims against Huntington pursuant to the Agreement, and arbitration is already underway.  (Filing No. 52-1 at 18.)  As Richards noted, Huntington significantly delayed in requesting intervention, over a year after Richards filed the present complaint against the Defendants, and the request occurred after Huntington received the JAMS ruling that the arbitration provision bound Huntington to arbitration.  *Id.* at 20.  Accordingly, the Court **denies** Huntington's Motion to Intervene.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion for Summary Judgment (Filing No. 36) is **GRANTED** on the federal claim asserted by Richards. The Court declines supplemental jurisdiction over the state law claims and those claims are **dismissed without prejudice**. The Defendants' Motion to Stay Arbitration is **DENIED**. (Filing No. 43). Huntington's Motion to Intervene (Filing No. 47) is **DENIED,** and Huntington is **terminated** as an intervenor in this action. **The Clerk is directed to remove Huntington as a defendant in the caption, as they were never a named party.**

The Court will issue Final Judgment under separate order.

**SO ORDERED.**

Date:  7/16/2018

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Gregory M. Bokota
GARAN LUCOW MILLER P.C.
GBokota@garanlucow.com

Courtney A. Krause
GARAN LUCOW MILLER, P.C.
ckrause@garanlucow.com

Nicholas Knowlson Rohner
WELTMAN WEINBERG & REIS LPA
nrohner@weltman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NICHOLE L. RICHARDS,          )
                             )
             Plaintiff,       )
                             )
       v.                     )     Case No. 1:17-cv-00409-TWP-MPB
                             )
PAR, INC., and LAWRENCE TOWING, LLC,   )
                             )
             Defendants.      )

**ENTRY ON RICHARDS' MOTION TO RECONSIDER**

This matter is before the Court of a Motion to Reconsider filed pursuant to Federal Rule of Civil Procedure 59(e) by Plaintiff Nichole L. Richards.  (Filing No. 55.)  On July 16, 2018, the Court granted PAR, Inc.'s and Lawrence Towing, LLC's (collectively, "Defendants") Motion for Summary Judgment, finding Richards did not have a valid claim under the Fair Debt Collection Practices Act ("FDCPA") because the Defendants had a present right to repossess her Chevrolet Tahoe and any claim that they breached the peace while doing so was an independent matter of state law.  (Filing No. 53.)  The Court declined to exercise supplemental jurisdiction over Richards' state law claims and dismissed those claims without prejudice.  *Id.* at 11.  The Court entered final judgment pursuant to Fed. R. Civ. Pro. 58.  (Filing No. 54.)  Richards now asks the Court to reverse its summary judgment order and enter an order denying Defendants' Motion for Summary Judgment (Filing No. 56 at 15).  For the following reasons, the Court **denies** Richards' Motion to Reconsider.

**I.      LEGAL STANDARD**

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these

motions.  *Smith v. Utah Valley Univ.*, 2015 U.S. Dist. LEXIS 70271, at *3–4 (S.D. Ind. June 1, 2015).  A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  If timely filed, a motion styled as a motion to reconsider should be considered under Rule 59(e).  *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009).  The Court issued its Order on Defendants' Motion for Summary Judgment on July 16, 2018 (Filing No. 53).  Richards filed her "Motion to Reconsider" (Filing No. 55) on August 11, 2018, twenty-six days after the Court's Order.  Therefore, the Court will analyze the Motion as a motion to alter or amend under Rule 59(e).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits."  *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).  "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment."  *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted).  Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case."  *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence."  *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).  A manifest error "is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).  Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have

been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II.   **DISCUSSION**

Richards' position is that "the court committed a manifest error of law or fact in failing to apply the unanimous interpretation of [15 U.S.C.] § 1692(f)(6) and in overlooking the terms of the parties' agreement." (Filing No. 56 at 4.)  Section 1692f(6)(A) makes the following a violation of federal law: "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if…there is no present right to possession of the property claimed as collateral through an enforceable security interest."  In its Order on Defendants' Motion for Summary Judgment, the Court found that Defendants had an enforceable security interest in the Chevrolet Tahoe, and thus they had a present right to possession and did not violate § 1692f(6)(A). Richards disagrees with the Court's reading of the statute.

Her understanding is that Defendants lost their present right to repossession by breaching the peace under Indiana law.  (Filing No. 56 at 5.)  According to Richards, a § 1692f(6) present right to repossession, even when it is supported by an enforceable security interest, can be extinguished by a violation of a state self-help statute.  *Id.* at 6.  She cites as authority for this assertion one federal Court of Appeals opinion from the Eighth Circuit and numerous District Court orders from within the Seventh Circuit and elsewhere.  *Id.* at 7-11.  Richards also argues that the Court of Appeals for the Seventh Circuit has consulted state law in FDCPA cases unrelated to breach of the peace and that other provisions of the FDCPA require courts to examine state law. *Id.* at 11-13.  Last, Richards argues that, independent of state law, a provision in her loan agreement in which her creditor agreed not to breach the peace when taking possession of any collateral

property also extinguishes Defendants' present right to repossession under § 1692f(6)(A).  *Id.* at 13-14.

In response, Defendants argue that when a claim for recovery under the FDCPA is based solely on the premise that the defendant violated state law, the FDCPA claim is dismissed, allowing the plaintiff to pursue the remedy contemplated by the state law that the defendant violated.  (Filing No. 58 at 4.)  Defendants cite *Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003), in which the Court of Appeals for the Sixth Circuit declined to use state law as a reference point for interpreting the FDCPA.  *Id.* at 3.  Defendants disagree that the text of the loan agreement supports a FDCPA claim, arguing that the Seventh Circuit disapproved of using contractual provisions to formulate a § 1692f violation in *Bentrud v. Bowman*, 794 F.3d 871 (7th Cir. 2015).

## A.    <u>State Law</u>

The Court of Appeals for the Seventh Circuit has not directly ruled on this issue, but it has addressed the issue several times, most directly in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007).  In that case, like in this one, a debtor admitted that she violated a security agreement by failing to make payments, but claimed that the defendant violated the FDCPA.  Beler argued that defendants, by freezing her checking account, violated the provision of § 1692f that prohibits debt collectors from using "any unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  Beler asked the court for a broad ruling declaring that violation of any other rule of positive law by a debt collector was unfair or unconscionable under the FDCPA.  The Court of Appeals declined to issue that broad holding.  In doing so, it noted that

> § 1692f creates its own rules (or authorizes the courts and the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and

federal law. This is not a piggyback jurisdiction clause. If the Law Firm violated the Social Security Act, that statute's rules should be applied. Likewise, if the Law Firm violated Illinois law. Section 1692f does not take a state-law dispute and move it to federal court, even though the amount in controversy is well under $75,000 and the parties are not of diverse citizenship.

480 F.3d at 474.

Although not at issue in *Beler*, the Court of Appeals addressed § 1692f(6) *in dicta*:

Subsection (6) is especially interesting. It says that creditors may not take "nonjudicial" actions that seize property exempt by law. The implication is that state judicial proceedings are outside the scope of § 1692f. State judges may decide how their judgments are to be collected. This does not necessarily mean that the FTC must steer clear of the subject, but it certainly implies that federal judges ought not use this ambulatory language to displace decisions consciously made by state legislatures and courts about how judgment creditors collect judgments entered under state law.

*Id.* at 475. The Court of Appeals' language suggests that when a state legislature has crafted a self-help repossession statute and prescribed a remedy, federal courts should not usurp that remedy by resolving self-help repossession disputes through the FDCPA.

Richards cites numerous cases from the Northern District of Illinois and one case from the Eastern District of Wisconsin in which courts looked at state law to determine whether a defendant had extinguished his right to possession by engaging in extrajudicial self-help. *E.g., Bednarz v. Lovald*, 2016 WL 6304705 (E.D. Wis. Oct. 27, 2016); *Barnes v. Nw. Repossession, LLC*, 210 F. Supp. 3d 954 (N.D. Ill. 2016). These courts' choice to consult state law is understandable. The FDCPA does not define "present right to possession," and the courts must derive its meaning from somewhere. But just as the phrase "present right to possession" is vague, so is the phrase "unfair and unconscionable," the subject of *Beler*.[1] Yet the *Beler* court resisted the urge to resort to state

---

[1] "The statute provides that '[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.' What is 'unfair or unconscionable'? The statute does not say. Although the FDCPA does authorize the Federal Trade Commission to issue advisory opinions that bear on the question at hand. Nor has it issued any helpful opinions in enforcement proceedings under 15 U.S.C. § 1692a." 480 F.3d at 473 (brackets original).

law, instead hoping that federal common law or a Federal Trade Commission advisory opinion would provide the answer. *Beler* at 473.

The Indiana Code allows a secured party to "take possession of the collateral" after default "without judicial process, if it proceeds without breach of the peace." Ind. Code § 26-1-9.1-609. If a secured party fails to comply, it "is liable for damages in the amount of any loss caused." Ind. Code § 26-1-9.1-625(b). Additionally, "a court may order or restrain collection, enforcement, or disposition of collateral on appropriate terms and conditions." *Id.* at § 26-1-9.1-625(a). Indiana has installed a procedure for debt collection or repossession and a remedy for when that procedure is ignored. In accordance with *Beler*, this Court will not use the "ambulatory language" of the FDCPA "to displace decisions consciously made by state legislatures and courts" about how creditors collect debts under state law. 480 F.3d at 475. Thus, the Court **denies** Richards' Motion to Reconsider on these grounds.

## B.   **The Loan Agreement**

Richards' second argument fails for the same reason. Richards argues that her loan agreement prohibited her creditor from breaching the peace when it repossessed her collateral, and thus Defendants forfeited their present right to possession under the FDCPA when they breached the peace. But just as the FDCPA will not make a federal claim out of a state claim, it will not make a federal claim out of a breach of contract claim.

The Court of Appeals said as much in *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871 (7th Cir. 2015). Relying on *Beler*, *Bentrud* declared "The FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law." *Bentrud* at 875. In *Bentrud*, the plaintiff argued that it was "unfair" or "unconscionable" under the FDCPA for defendants to move for summary judgment against him in a state court debt collection action

because the contract at issue—his credit card agreement—allowed him to pursue arbitration.  The Seventh Circuit reminded Bentrud that if the defendants violated his contract by pursuing litigation after he had elected to proceed in arbitration, "his remedy sounds in breach of contract, not the FDCPA." *Id.*

That is the case for Richards as well.  If Defendants disregarded their contractual obligations by breaching the peace, Richards has a state claim for breach of contract, not a federal claim under the FDCPA.  For that reason, the Court **denies** her Motion to Reconsider on this second ground.

### III.   CONCLUSION

For the foregoing reasons, Richards' Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e) (Filing No. 55) is **DENIED**.

**SO ORDERED.**

Date:  12/27/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Gregory M. Bokota
GARAN LUCOW MILLER P.C.
GBokota@garanlucow.com

Courtney A. Krause
GARAN LUCOW MILLER, P.C.
ckrause@garanlucow.com